HUGHES, J., would adopt recommendation of hearing committee.
CRICHTON, J., additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons:
I wholeheartedly agree with the Court's decision to deny petitioner's application for reinstatement. However, I write separately to point out petitioner's abhorrent behavior toward the disciplinary process, as well as his personal attacks against a deputy disciplinary counsel assigned to his case. Petitioner, employing inflammatory and derogatory language, accused the deputy disciplinary counsel of being a "conniving liar" and of opposing his application for reinstatement for purely personal reasons.[1] This type of communication with ODC, during the pendency of his application for reinstatement, is unprofessional and unacceptable.[2] In addition to this conduct, and as reflected by the record before us, petitioner has had a troublesome history with alcohol abuse and has displayed irresponsible, obnoxious, and vulgar behavior towards his daughter and her mother. In light of all of this, not only has petitioner engaged in "conduct prejudicial to the administration of justice" as found in Rule 8.4(d) of the Rules of Professional Conduct, I find petitioner has woefully failed to demonstrate he has met the criteria for reinstatement to the practice of law as required by La. Sup. Ct. R. XIX, § 24 (E).

The record evidences email correspondence directed at a Deputy Disciplinary Counsel wherein petitioner tells the Deputy "I hate you" and that "you are my enemy," as well as other grossly inappropriate comments.

Rule 8.1(c) requires that a lawyer "cooperate with the Office of Disciplinary Counsel in its investigation of any matter before it ...."